a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALBERT DONALD, Petitioner | CIVIL ACTION NO. 1:18-CV-1128-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Albert Donald ("Donald") (#16314-055). Donald is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Donald challenges the legality of his sentence imposed in the United States District Court for the Western District of New York.

Because Donald cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed for lack of jurisdiction.

I. Background

Donald was convicted of drug trafficking offenses and a firearms offense. He was sentenced to an aggregate term of 240 months of imprisonment. United States v. Donald, 07-CR-6208L, 2013 WL 1580501, at *1 (W.D. N.Y. Apr. 12, 2013). Donald's conviction and sentence were affirmed by summary order. United States v. Donald, 417 F. App'x 41, 42 (2d Cir. 2011).

Donald filed a motion to vacate under 28 U.S.C. § 2255 alleging that he received ineffective assistance of counsel and is actually innocent of the crimes charged. (Docket No. 6:11-CV-06265, W.D. N.Y.). The motion was denied. Donald's appeal to the United States Court of Appeals for the Second Circuit was also denied. (Docket No. 13-2320, 2nd Cir.).

Donald filed several motions to reduce his sentence, which were denied because Donald was sentenced to a statutory minimum. (Docket No. 6:07-CR-06208, W.D. N.Y., Docs. 135, 136, 151, 152, 164, 168).

Donald filed another motion to vacate, citing Alleyne v. United States, 133 S. Ct. 2151 (2013). (Docket No. 6:07-CR-06208, W.D. N.Y., Doc. 153). The motion was denied as second and successive. (Docket No. 6:07-CR-06208, W.D. N.Y., Doc. 157).

Donald filed a third motion to vacate, which was transferred to the Second Circuit. The appellate court denied the petition. (Docket No. 6:07-CR-06208, W.D. N.Y., Docs. 158, 159, 165).

Finally, Donald sought leave to file a successive § 2255 motion based on United States v. Sellers, 784 F.3d 876 (2d Cir. 2015). The appellate court denied the request because the motion was not based on any newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. (Docket No. 16-2443, 2nd Cir.).

In his § 2241 petition, Donald claims that his prior felony conviction should not have been used to enhance his sentence because he was sentenced as a "youthful offender." Donald's claim has been litigated fully in the Western District of New York

and in the Second Circuit Court of Appeals, both of which rejected the argument. United States v. Donald, 07-CR-6208L, 2013 WL 1580501, at *1 (W.D.N.Y. Apr. 12, 2013); United States v. Donald, 417 F. App'x 41, 46 (2d Cir. 2011).

II.     Law and Analysis

    A.     Donald cannot meet the requirements of the savings clause.

Donald seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Donald claims that he is entitled to proceed under the savings clause of § 2255 based on Miller v. Alabama, 567 U.S. 460 (2012), Montgomery v. Louisiana, 136 S. Ct. 718 (2016), Mathis v. United States, 136 S. Ct. 2243 (2016), and Custis v. United

3

States, 511 U.S. 485 (1994). Donald claims that his prior felony conviction should not have been used to enhance his sentence because he was sentenced as a "youthful offender."

First, Donald's claim has been litigated in and rejected by the Western District of New York and the Second Circuit Court of Appeals. United States v. Donald, 07-CR-6208L, 2013 WL 1580501, at *1 (W.D.N.Y. Apr. 12, 2013); United States v. Donald, 417 F. App'x 41, 46 (2d Cir. 2011). The Second Circuit noted that, although "New York courts do not use youthful offender adjudications as predicates for enhanced sentencing," federal courts are not restricted from taking them into account when imposing sentences under the Guidelines. Id. (citing United States v. Sampson, 385 F.3d 183, 195 (2d Cir. 2004)).

Next, Miller and Montgomery are inapplicable to Donald's case. In Miller and Montgomery, the juvenile defendants were sentenced to death or life in prison. See United States v. Lucius, 17-30435, 2018 WL 2750310, at *1 (5th Cir. June 6, 2018) (unpublished). Neither case addressed sentencing enhancements.

Mathis does not satisfy the savings clause, either, because it does not announce a new rule of constitutional law. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule).

In <u>Custis</u>, the court held that, except for convictions obtained in violation of the right to counsel, a defendant cannot collaterally attack a previous state conviction that was used to enhance his sentence. <u>Custis</u>, 511 U.S. at 496. The court also noted that, if the defendant was successful in attacking his state court convictions through habeas review, he could apply for the reopening of any federal sentence that was enhanced by the state convictions. <u>Id.</u> at 497. However, <u>Custis</u> predates Donald's conviction and sentencing. Thus, <u>Custis</u> did not provide any new case law unavailable to Donald at the time that he filed his initial petition.

Finally, to the extent Donald contends he is actually innocent of his sentence, a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and does not warrant review under § 2241. <u>Kinder v. Purdy</u>, 222 F.3d 209, 213–14 (5th Cir. 2000).

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Donald's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Donald's claim.[1]

---

[1] <u>Pack v. Yusuff</u>, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); <u>Reed v. Young</u>, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of October, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge